IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Robert J. Makuch, | ) | No. 24-02578 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

**GREYMORR REAL ESTATE LLC'S RESPONSE TO THE DEBTOR'S OBJECTION TO CLAIM 7-1 OF THE GREYMORR REAL ESTATE LLC**

NOW COMES, Greymorr Real Estate LLC ("Greymorr"), by its attorney, Paul M. Bach of Bach Law Offices, Inc. and responds to the Debtor's Objection to Claim No. 7-1 of Greymorr Real Estate LLC (Docket 42) which relate to 538 E. Prairie, Des Plaines, Illinois related to PIN 09-08-402-008-0000 ("the property") and states as follows:

**Introduction**

The Debtor, Robert J. Makuch ("Debtor") has filed an Objection to Claim No. 7-1 of Greymorr Real Estate LLC (Docket 42)(*Exhibit 1*)("the Objection"). A review of the Objection reveals that the Objection contains three documents for a total of thirteen pages combined as follows: 1) A Notice of Objection (pages 1 and 2 of 13); 2) The main document of Proof of Claim 7-1 filed by Greymorr (pages 3-5 of 13); and 3) The Adversary Complaint in Case 24 A 70 (pages 6 to 13 of 13). For the Proof of Claim, Robert J. Makuch only attaches part of Proof of Claim 7-1. The documents not attached by Robert J. Makuch include a Rider and the Recorded Tax Deed.

There is no actual Objection by Robert J. Makuch which describes what relief Robert J. Makuch is requesting as to Claim 7-1. In actuality, Robert J. Makuch is requiring Greymorr and this Court to guess as to the basis of the Objection. At the outset, Federal Rule of Bankruptcy Procedure 3001(f), states, "(f) EVIDENTIARY EFFECT. A proof of claim executed and filed in

1

accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Nothing in the Objection indicates in any way if Robert J. Makuch is contesting the prima facia validity of Proof of Claim 7-1. The only clue could be the Adversary Complaint. Nothing in the Adversary Complaint however states anything regarding how Proof of Claim 7-1 was executed properly or if Proof of Claim 7-1 would not be entitled to prima facia validity.

What the Debtor has improperly provided in the Objection is nothing more than a general objection. The Greymorr Claim is a claim made pursuant *In re Woodruff*, 600 B.R. 616 (Bankr. N.D. Ill. 2019) and asserts a total claim of $370,000.00. The $370,000.00 is based on the fair market value of property as stated in the Greymorr Proof of Claim (Claim 7-1), the Rider to the Proof of Claim (attached to Greymorr Claim 7-1) and matches the fair market value asserted by the Debtor in Schedule AB (See section 1.1 of Schedule AB on page 10) and the Chapter 13 Plan filed April 24, 2024 (See section 3.2). Nothing in the Objections disputes the fair market value of the property of $370,000.00 or the applicability of *Woodruff*. Even if the court sustained the Objections in part and reduced the amount of the secured claim of Greymorr, Greymorr's unsecured claim would simply increase. The increased unsecured claim does not alter the amount to be paid overall to Greymorr because the fair market value of the property is controlling of the amount that must be paid to unsecured creditors.

The Debtor does not contest that Greymorr purchased the outstanding real estate taxes for the property's real estate taxes. The Debtor also does not dispute that Cook County was entitled to sell these outstanding tax obligations to Greymorr pursuant to 35 ILCS 200/21-205 or that the procedures at the Tax Sale were pursuant to 35 ILCS 200/21-240 and 21-75. As a result of following these Illinois Real Estate Tax Code procedures, Greymorr received a Certificate of Purchase at the original sale. This memorializes the Tax Sale pursuant to 35 ILCS 200/21-250 and is evidence to the Tax Sale having occurred and Greymorr Real Estate LLC.

This Proof of Claim is contingent on the Debtor having any ownership rights in the Property. In the event, the Debtor is successful and ownership is returned the Debtor pursuant to the Adversary Proceeding 24-00070 or some other manner, this proof of claim will take effect. In the event the Debtor has any ownership rights in the Property during the pendency of this bankruptcy proceeding, Greymorr Real Estate LLC makes no claim upon the bankruptcy estate. The definition of what is contingent is *St. Catherine Hosp. of Ind., L.L.C. v. Ind. Family & Soc. Servs. Admin.*, 800 F.3d 312 (7th Cir. 2015) as well as a prior case on contingency of *In re Knight*, 55 F.3d 231 (7th Cir. 1995).

Greymorr has filed a Motion to Dismiss in the Adversary Proceeding (24 A 70) and incorporates each argument in the Motion to Dismiss into this Response. *The Motion to Dismiss is attached as Exhibit 2*. The Debtor cites no case law or statutes in the Objection. *Woodruff* is of course relevant to the Objection. The Debtor's failure to discuss *Woodruff* in the Objections waives any argument of the Debtor as the application of *Woodruff* to Greymorr's Proof of Claim (Claim 7-1) or the application of the binary method as discussed below.

**The Claim of Greymorr (7-1)**

In the event that the contingency is overcome by Robert J. Makuch, Greymorr has filed several documents with its Proof of Claim that are necessary for the court to see when determining the valuation of the second portion of Proof of Claim 7-1 (the contingent equitable remedy) pursuant to *Woodruff*, *In Re Thompson*, 19 B 6176 (D. 80 & 106), 2020 WL 728605, at *1 (Bankr.N.D.Ill. January 15, 2020) and *In Re D'Anna Lynne Watkins*, 19 B 18824 (January 23, 2020 (D. 76)). A full copy of the Proof of Claim 7-1 with attachments is attached as an Exhibit to this Response. *See Exhibit 3*. One of the attached documents is the Rider to the Proof of Claim ("the Rider"). The Rider explains the legal basis of the Proof of Claim and cites to *In Re Christiana Woodruff*, 600 B.R. 616 (Bankr.N.D.Ill.2019), *In re Thomas Thompson*, 19 B 6176

(October 31, 2019(D. 80)) and January 16, 2020 (D. 106 & 108)) and *In Re D'Anna Lynne Watkins*, 19 B 18824 (January 23, 2020 (D. 76)) as legal support for the Proof of Claim. No reference to this uncontested case law is made by the Debtor.

This is important as in the event the contingency is overcome Greymorr's rights fall into two distinct categories. First is Greymorr's right to the statutory Redemption lien under Illinois Law as a secured claim. This statutory lien secures the payment of the tax principal, special assessments, interest and penalties paid by the tax purchaser together with costs and fees of sale and fees paid under Sections 21-295 and 21-425 through 21-335. 35 ILCS 200/21-355. Notably absent in this list and not included in the statutory redemption lien is any mention of the contingent expectancy of receiving a tax deed. *Woodruff*, 600 B.R. at 635. This fact clarifies that the statutory lien does not include the contingent equitable remedy discussed below.

**The Claim Objection**

The matter coming before the court is a claims objection, yet the Debtor has done nothing in bringing the Objection to address the standards applicable to the same. The court's determination, however, must focus first and foremost on those standards.

Section 502(a) of the Bankruptcy Code states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). As this court has stated,

> [a] proof of claim filed in accordance with 11 U.S.C. § 501 constitutes *prima facie* evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f). The party objecting to claim allowance carries the burden of rebutting the proof of claim. *In re Sentinel Mgmt. Grp., Inc.*, 417 B.R. 542, 550 (Bankr. N.D. Ill. 2009) (Squires, J.); *In re J.S. II, L.L.C.*, 389 B.R. 563, 570 (Bankr. N.D. Ill. 2008) (Cox, J.); *In re Vastag*, 345 B.R. 882, 885 (Bankr. N.D. Ill. 2006) (Schmetterer, J.).

*Ebner v. Kaiser (In re Kaiser)* (*In re Kaiser*), 525 B.R. 697, 704 (Bankr. N.D. Ill. 2014) (Barnes, J.).

As the objecting party here, the Debtor carries the initial burden to overcome the *prima facie* presumption, but GREYMORR carries the ultimate burden of persuasion to show its entitlement to the Claim, including the amount of its Claim. Only once the objector (here the Debtor) has overcome the *prima facie* presumption does "the burden then shift back to the claimant to produce evidence to meet the objection and establish that the claim is in fact allowable." *In re O'Malley*, 252 B.R. 451, 455–56 (Bankr. N.D. Ill. 1999) (Schmetterer, J.). At this stage, the ultimate burden of persuasion always remains with the claimant to establish entitlement to its claim. *In re Kreisler*, 407 B.R. 321, 325 (Bankr. N.D. Ill. 2009) (Squires, J.).

To be clear, a claimant should only be required to meet an objection, *In re O'Malley*, 252 B.R. at 455–56, not prove its claim from the ground up. The deemed allowance in section 502(a) would apply to any aspect of the claim not challenged. 11 U.S.C. § 502(a). Thus, if a party objecting to a claim focuses only on one aspect of the claim, the claimant need only address that aspect.

"To rebut the presumption of validity of a claim, an objection must be premised on the grounds for disallowance set forth in section 502(b)." *Ebner*, 525 B.R. at 704. Section 502(b) instructs the court to determine the amount of the Claim as of the date of the bankruptcy petition and to upset the presumed allowance of the Claim only if and only to the extent that one of nine enumerated grounds for disallowance exist. *See* 11 U.S.C. §§ 502(b)(1)–(9) ; *In re The Budd Co.*, 540 B.R. 353, 359–60 (Bankr. N.D. Ill. 2015) (Schmetterer, J.).

Section 502(b) is understood to stand for the proposition that a "creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provision of the Bankruptcy Code." *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000); *Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443, 452, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007) (recognizing

5

that "claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed"); *In re Caesars Entm't Operating Co., Inc.*, 588 B.R. 32, 41 (Bankr. N.D. Ill. 2018) (Goldgar, J.) (*quoting Raleigh*).

Here, it is entirely unclear what the Debtor is challenging in the Proof of Claim except that the Debtor does not wish to pay legally due real estate property taxes. The Objection to the Proof of Claim should be overruled.

Here the Debtor never states anything in the Objection that would allow the court to find that the Debtor has met his burden to overcome the *prima facia* presumption regarding the Proof of Claim. The Debtor has some duty under this standard to state what is incorrect about the Proof of Claim. Here the Debtor does not state anything at all. This is not the duty of the court. The duty of the court is to make determinations based on evidence brought before the court. The court cannot be expected to find the facts for the Debtor. That is the Debtor's duty.

It does not appear that the Debtor argues that the Claim is unenforceable as nothing to this effect is stated. This alone is enough for the Objection to be overruled. *Heinold Commodities, Inc. v. Elliott*, No. 86 C 7693, 1987 WL 8977, at *3 (N.D. Ill. Mar. 30, 1987) (denying a motion to dismiss that "offer[ed] next to nothing in the way of authority or analysis"). It is "not [the] court's responsibility to research and construct the parties' arguments" if they cannot be bothered to do so themselves. *Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010) (internal quotation omitted). As both the Seventh Circuit and the District Court have emphasized, "[j]udges are not like pigs, hunting for truffles buried in briefs," *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991), "[n]or are they archaeologists searching for treasure." *Jeralds ex rel. Jeralds v. Astrue*, 754 F. Supp. 2d 984, 985 (N.D. Ill. 2010) (citing *Desilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999)); *see also Bobak Sausage Co. v. A & J Seven Bridges, Inc.*, 805 F. Supp. 2d 503, 508 (N.D. Ill. 2011) (summarizing the foregoing).

Assuming for the sake of argument that further inquiry is warranted (as such would be required for the Debtor to succeed on the Objection), inquiry into the law applicable to the Proofs of Claim raises more questions than it answers.

Discussion is necessary on the issues particular to *Woodruff* claims. Although the Debtor has not raised these issues, Greymorr does want to mention the relevant case law and does not wish to waive any rights to argue these issues even though the Debtor has not raised these issues. Since the Debtor has not raised *Woodruff* issues in the Objections, the only place they could be raised in in the Reply which would be "dirty pool."

As Judge Goldgar stated, in *Patrick S. Layng, Tr. v. Hooper* (*In re Khan*), 21 A. 67 (Bankr. N.D. Ill. 2021) (J. Goldgar):

> A movant cannot simply lie in wait and then sandbag his opponent in a reply. Doing so is "dirty pool." *Schenberg v. Leventhal (In re Leventhal)*, Nos. 10 B 12257, 11 A 1467, 2012 WL 1067568, at *3 n.3 (Bankr. N.D. Ill. Mar. 22, 2012). Because it is, arguments a party raises for the first time in a reply are forfeited. *Zylstra v. DRV, LLC*, 8 F.4th 597, 609 (7th Cir. 2021). So are arguments a party supports with legal authority for the first time. *Vanco v. Mancini*, 495 F. Supp. 3d 712, 726 (N.D. Ill. 2020) (holding that parties could not cure their failure to cite legal authority in their opening brief by citing it in their reply).

That being said, In *In Re Deanna Williams*, 19 B 22007 (D. 62) (Bankr.N.D.Ill. June 23, 2020), after briefing the *Woodruff* Claim Objection, Judge Schmetterer stated in the order as follows:

> The mere fact that this portion of a tax purchaser's claim is contingent and uncertain does not, on its own, require disallowance. *See* 11 U.S.C. § 502(b)(l). Rather, such claims shall be estimated. *See* 11 U.S.C. § 502(c). "The estimation process being 'a microcosm of the ordinary claims-determination process,' the allocation of the burdens of proof in a proceeding to estimate a contingent claim is the same as a proceeding to determine the allowability of a claim." *In re Benanti,* No. 15-71018, 2018 WL 1801194, at *6 (Bankr. C.D. Ill. Apr. 13, 2018) (quoting *In re FRG, Inc.,* 121 B.R. 451,456 (Bankr. E.D. Pa. 1990)).

> After a review of the briefs, it is clear that an evidentiary hearing is necessary. Without formal evidence being presented and a method of estimating the contingent claim being provided, this Court will not engage in a metaphysical and theoretical analysis of whether

the contingency is likely to occur or not. *See Kreisler,* 407 B.R. at 329 ("In order to proceed under § 502(c), the Court would need evidence to analyze; namely, evidence estimating some likelihood of [ the contingency occurring] ... [i]n short, the Court refuses to enter into a hypothetical analysis to estimate the value of [the claim] without solid facts.").

**The Contingent Equitable Remedy**

The second part of Greymorr's claim relates to the contingent equitable remedy referenced by *In re Lamont*, 740 F.397, 404 (7th Cir. 2014), *Smith I, Smith v. SIPI, LLC (In re Smith), 614 F.3d 654 (7th Cir* (7th Cir. 2010) and *In Re Robinson,* 577 B.R. 294 (Bankr.N.Ill.2017), *In Re Woodruff*, citing *LaMont*, 740 F.3d at 408 (referring to these rights repeatedly as equitable remedies); *Smith I*, 614 F.3d at 660 ("[T]he tax buyer acquires only a contingent right to a tax deed."); *Robinson*, 577 B.R. at 303 (a tax purchaser has "a lien against the property combined with equitable remedies"). The discussion of the Contingent Equitable Remedy begins with the fact that these rights are included in the definition of a claim under the Bankruptcy Code.

11 U.S.C. § 101(5) defines "claim" to mean a: (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

"A 'contingent' claim is one conditioned upon some future event that is uncertain." *Woodruff*, 600 B.R. at 642 citing *Saint Catherine Hospital of Indiana, LLC vs. Indiana Family & Social Services Administration*, 800 F.3d 422,427 (7th Cir. 2015). See also *In Re Knight*, 55 F.3d 42, 236 (7th Cir. 1995). As noted in *In re Lantz*, 446 B.R. 850, 858 (Bankr. N.D. Ill. 2011), the future event at issue in a contingent claim includes events that may have occurred post-petition

by the time a claim objection is heard but more likely the future event has not occurred and the court must use the estimation process as provided by 11 USC 502(c) to determine the amount of the claim. In this case, the future event is first that the Property is property of the estate and then through the issuance of a Tax Deed pursuant to 35 ICLS200/22-30 as the Redemption Period under State Law has passed causing the Contingent Equitable Remedy to have a value that the court must estimate.

The contingent equitable remedy asserted by Greymorr is equivalent to the equitable remedy discussed by the US Supreme Court in *Johnson* and referenced below. *Woodruff* citing *Johnson v. Home State Bank*, 501 U.S. 78, 517-18 (1991). The Seventh Circuit repeated the *Johnson* type analysis in *Lamont* by discussing the rights of Tax Purchasers at length and concluding that a tax purchaser has a "right to an equitable remedy for breach." *Woodruff* citing *Lamont*, 740 F.3d at 408. The Seventh Circuit then concluded in *Lamont*, "what the tax sale procedure does is sell the county's equitable remedy to a third party, the tax purchaser. *Id.* The definition of "claim" in 11 USC 101(b)(B) includes "a right to an equitable remedy") making the contingent equitable remedy valuable after the after the Redemption Period has expired since claims are valued as of the date the bankruptcy case is filed. As a result, the Contingent Equitable Remedy must be valued by estimation pursuant to 11 USC 502(c).

Contingent claims are either fixed in the claims allowance process or estimated in that same process under section 502(c). *Woodruff* citing 11 U.S.C. § 502(c). Section 502 states, in pertinent part, that: … (c) There shall be estimated for purpose of allowance under this section— (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or (2) any right to payment arising from a right to an equitable remedy for breach of performance. 11 U.S.C. § 502(c).

Beyond the definition of what a contingent claim is, the claim of Greymorr is a valid claim even though the claim is not against the Debtor personally. This is true because the claim is against the property of the Debtor under 11 USC 541. This Court in *Woodruff* also states the following about claims which supports the claim of Greymorr:

> Claims include *in rem* claims as against property of the estate, not just *in personam* claims against a debtor. 11 U.S.C. § 101(5) (expressly including contingent claims and equitable remedies in the definition of claim); 11 U.S.C. § 502(a)(1) (providing that a claim will only be disallowed if "unenforceable against the debtor *and property of the debtor*") (emphasis added); *see also Johnson v. Home State Bank*, 501 U.S. 78, 78 (1991) ("Congress intended in § 101(5) to incorporate the broadest available definition of 'claim' …."). In *Johnson*, the Supreme Court made clear that claims in bankruptcy included claims against property even where no *in personam* claim against the debtor existed. 501 U.S. at 78. The Seventh Circuit's holding in *LaMont* makes it clear that this reasoning applies to the claims of tax purchasers, 740 F.3d at 409 ("The plan is treating his *secured claim*, *not* formally redeeming the property.")

In *Woodruff*, *Supra* this court states in the Synopsis:

> The tax purchaser has a perfected *in rem* claim for the statutory redemption amount that exists irrespective of whether the redemption period has passed. That claim is allowed as a secured claim in the amount asserted by the tax purchaser. The tax purchaser also has a contingent, unperfected *in rem* claim for the fair market value of the property in question that exists irrespective of whether the redemption period has passed. The court estimates for the purpose of allowance that this unperfected *in rem* claim is in the amount asserted by the tax purchaser, the property's full fair market value as of the petition date, less that amount of perfected *in rem* claim for the redemption amount. Such unperfected *in rem* interest is, however, unsecured, by operation of 11 U.S.C. § 506(a) and because it is subject to the trustee's avoidance power as a hypothetical lien creditor.

In *Thompson*, the Debtor objected to the *Woodruff* claim (fair market value and bifurcated secured and unsecured value) and after hearing on October 31, 2019, the Court stated in its Order, "that *Woodruff* was a "well-reasoned analysis" (*In Re Thomas Thompson*, 19 B 6176 (D. 80)) and overruled the Debtor's Objection to the Tax Purchaser's Proof of Claim. See also *In Re Thompson*, D. 106 (January 15, 2020).

In *In Re Watkins*, this court was faced with a similar factual situation as the case at bar. Although the court noted in *Watkins* that the Redemption Date had passed the holding of *Watkins*

was based on the likelihood of the Tax Purchaser obtaining a Tax Deed and not on the Redemption Date passing although the Redemption Date passing was mentioned (the same analysis is relevant to this case and court).

The universal point, based on *Woodruff*, *Thompson*, *Watkins, and Williams*, is that the likelihood of the contingency occurring (obtaining a Tax Deed) is the primary factor in evaluating a contingent Proof of Claim such as presently before this Court and which may require an evidentiary hearing if raised by the Debtor (which the Debtor has not). The Court should take into consideration that nothing in the Objection even mentions the possibility that Greymorr would not be able to obtain a Tax Deed (as one is already issued and recorded).

In *Woodruff*, this court stated the contingency (obtaining a tax deed) is "highly unlikely to occur" in most cases that are filed **before** the redemption date. In *Woodruff*, as in the case at bar, the bankruptcy case was filed **after** the redemption date under State Law. *Woodruff* uses a binary method for the determination of a remedy. In *Woodruff*, the remedy for the estimation of contingent equitable remedy (the unsecured claim) was the use of the fair market value minus the secured claim (statutory redemptive claim). The binary method is appropriate here and the Debtor does not suggest any method (expect ignoring relevant case law).

WHEREFORE, Greymorr Real Estate LLC , asks this Honorable Court to overrule the Objections to Proof of Claim 7-1 of Greymorr Real Estate LLC and further relief as is just and equitable.

> Respectfully Submitted,
> Greymorr Real Estate LLC
>
> BY:/s/Paul M. Bach

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808